First case on our calendar this morning is agenda number 6, case number 106541, People of the State of Illinois v. Willie Graves. Counsel may approach the bench. Good morning, your honors. Tom Gonzalez. May it please the court, Tomas Gonzalez on behalf of the appellant Willie Graves. I'm prepared if you are ready. Good morning, your honors. The $10 mental health fee and the $5 youth diversion pure court charges that were levied against Graves are in fact fees and not fines. A plain reading of section 51101 clearly reveals that the charges at issue are just that, they're fees. Unlike the statute that was at issue in Jones, which clearly had some statutory ambiguity, the charges at issue are just fees. There is no such ambiguity anywhere in this particular provision. There's nothing, any reference to fines or anything from which a reasonable interpretation can be gleaned to call these fines or anything other than fees. The provision uses the word fee consistently throughout the entire provision. The primary rule of statutory construction, as this court recognized in Jones, is to give effect to the intent of the legislature. And the place to begin is the plain language of the statute. And unlike the provision at issue in Jones, again here there was consistent use, there's consistent reference to the fact that these charges are fees. Once we have that, you know, the state's position is basically, well, we don't stop there. We continue to look for other hidden meanings or we look to see if there's a different way to interpret it. But that's not the rule of statutory construction. The role of this court isn't to substitute its view of how the statute should read or to rewrite the statute. It's basically to give the intent of, to give effect to the intent of the legislature as it is written. So in this particular case, unlike the statute at Jones, we don't really need to go beyond. We don't need to look to outside sources. We don't need to look to attributes. We don't look to try to find hidden meanings that simply aren't there. Okay, so assuming then that these charges are what they say they are, i.e., fees, then of course the next question is, okay, well then, what is the relief in this particular case? The next question then is the constitutional question. What standard do we apply? And in terms of deciding whether or not this particular fee passes constitutional muster, the proper test is whether it's rationally related to the intended public interest. That's addressed by each provision. So the public interest intended to address, of course, the statute starts out by saying it's intended to finance the court system. Okay, and beyond that, and in particular with respect to the charges at issue here, it's basically twofold. One is to fund, of course, youth diversionary programs, and the second being kind of a similar diversionary aspect for mental health, mental health cases. So assessing the fees on all persons convicted of adult, in an adult court of possession of a stolen motor vehicle is arbitrary and unreasonable means of furthering that interest. Adult PSMV is simply just too attenuated from youth and mental health diversionary services to find a rational relation between the two. So this, and the state actually tacitly concedes as much. It doesn't make any counterarguments on this particular point at any time. It basically takes the position and the assumption that these are in fact fines and nothing else, so therefore there's no rational basis scrutiny to consider. Mr. Gonzalez, is this your opinion that Price just misinterpreted our opinion in Jones? Absolutely. I think what they did is they kind of took it backwards. They basically looked at the relation and basically said, well, actually they didn't even look at that because they basically looked to see whether or not it actually compensated for that particular prosecution. And then they basically said, well, it didn't, so therefore it can't be anything but a fine. And because of the fact that it's a fine, there's no rational basis scrutiny to consider. But our position is that can't be the test. That can't be right, because that basically says, that just makes it a nullity or just whimsical. It basically says, okay, well, in some instances, if the fees actually compensate for something or they actually relate to something in that particular prosecution, then, okay, they pass rational basis scrutiny and they must be fees. And in other cases, such as this one, where that doesn't happen, or in another number of cases where that doesn't, well, okay, then it's got to be a fine and therefore not subject to rational basis scrutiny at all. And we submit that the proper inquiry is to look at the statute first. So I think what they did is they looked at that language in Jones that basically says, well, basically the label isn't there be all to end all. And that may be the case where you have the ambiguity going on and where there's multiple ways and reasonable ways to interpret a statute. But this is a case of apples and oranges. We don't have that here. We basically have a statute that consistently refers to the charge of fees. So what Price did is basically say, well, Jones stands for the proposition that we don't necessarily stop there. The rule of statutory construction says that even in cases of non-ambiguity, then we've still got to look to these other attributes. We've still got to look to outside sources. We've got to look for hidden meanings. It's okay for the court to rewrite the statute. In our position, that can't be right. I mean, that's the violation of separation of parties. If you take our decision in Jones that talks about fees versus fines, the actual nomenclature not being the end all, how do you address that in light of the state's argument that the charges in this case did not compensate the state for any cost as a result of prosecuting a defendant? I think that's pretty much their argument that if there are costs for prosecuting, they'd be fees. If not, you have to look at them as fines. But again, that kind of goes to my whole point about, well, but that can't be the test. I mean, that would basically make rational basis scrutiny a nullity. It still has it reversed. I think the question is whether or not it seeks to, and I think Jones even uses that word, seeks to or intends to. And the statute refers, I mean, it starts out by saying to finance, to compensate. In fact, the definition as agreed to in Jones is, well, it's usually a charge for labor or services, for expenses or services rendered. So I'm looking, I think at plain reading of the statute, it reveals, okay, well, that's the intent. It seeks to do that. It intends to do that. Whether or not in effect. Is there an intention here to reimburse the state for some cost as incurred in defendant's prosecution? Maybe not in this particular defendant's prosecution, but certainly in the cost of prosecution. In other words, the upkeep or I guess the finance of one aspect of the court system. And our position is, well, but once you have that, you know, it boils down to the whole definition of fees and fines. You know, the whole threshold non-constitutional question. Then once you look to that, it's compensatory in nature. The definition in Jones says, refers to, you know, differentiates, I guess. The difference between a fine as being, a fine being punitive, a fee being either compensatory or seeking to recoup expenses for professional services rendered or labor. Okay. So our position is that, well, these fees to finance youth programs, these fees to finance mental health court services, that's exactly what it's seeking to do. It's seeking to compensate. It's seeking. And the question is whether or not it does in a particular case. And I guess our position is the fact that adult litigants or adult defendants in the adult court system that are standing charged with and tried for and convicted of adult PSMV, there's no, it's too attenuated. There's no rational connection there. When would a fee be a fine under your analysis? When would a fee be a fine under your analysis? If the name isn't the be-all and end-all, when would a fee be a fine? Well, I think, again, one place to look is to see if the statute defines it as such. If the legislature intends and calls it that, then certainly that's the first place to look. If they call it a fine, then it's a fine. But then again, you know, of course, if it's designed to penalize something that's punitive, something that's part of a sentence as opposed to something that's collateral, okay, what we have here, we don't have any connection whatsoever to any type of youth program. I mean, this guy was 22 years old. He was in the adult system. He was charged and convicted of possession of a stolen motor vehicle. Okay, they had no relation whatsoever. It couldn't have been part of his penalty. Again, just looking at the plain language of the statute, it was designed to recoup. And I think part of the problem with the state's position is, again, it basically kind of takes it backwards. It looks to see, well, okay, is it rationally related? Okay, well, it's not rationally related, so it can't be anything other than a fine. And really the only question then is, is it excessive? But again, that makes that whole rational basis, it would never, that test would never apply. It makes it a nullity, and that can't, that just doesn't make sense. You would agree that if we find it to be a fine, there's no reason to even address the rational relationship, right? Well, I would concede that if it's a fine, yeah, certainly it's a different question. And in terms of excessiveness, you know, it's a different argument, and, you know, I won't, I don't have a challenge on that. You know, it's $5 for one and $10 on the other. But to me, the important question is, again, whether or not it's a fee, whether or not it's a fine, and the proper constitution to test for that, which, again, we submit as the rational basis. And, you know, to the state, to the extent that the state doesn't appear to challenge it or tacitly concedes it, I don't think there's much of a, you know, our position is that this is the correct test and that we do look. You know, it's not so much whether or not, it's because, I guess, that there were no expenses incurred, there was nothing to recoup for this particular prosecution is the very reason why it doesn't pass Constitution of Muster. It's the reason why it's not rationally related. And it's just, our position is that it's an arbitrary and unreasonable means to try to address what is otherwise a legitimate state interest. If you're going to put the burden of financing these aspects and these types of programs on the backs of all adult defendants that are in court for, you know, possession of a stolen motor vehicle. Had the legislature indicated that this had an additional penalty or an additional fine should be assessed to be used and paid over to $10 for mental health court and $5 for youth diversion, then what is your argument? I'm sorry. If the legislature had used the word penalty or fine as opposed to fee, are you relying strictly on the fact that I think you open your argument by saying these are called fees and we don't need to go any further? Well, certainly that's a huge part of it. Yeah, I mean, there's no reference to penalty whatsoever, which I guess is another important distinction between the provision in this case and the provision in Jones, because Jones had cross references it did use in addition to penalties. It had language that basically said that for purposes of pre-sentencing credit or that it's not going to be included in the fine. So, yeah, I mean, to me that's a clear case of apples and oranges. And that is the starting point. And whether or not reasonable people can agree in terms of, you know, looking beyond that, to me that's a separate question. It's given effect to the legislature. It's enforcing and interpreting the statute as it is written. So to me, yeah, that would be a difference. So unless the court has any other questions, I would just sum up by saying that it's clear from the plain language of the statute that the youth are entitled to just that, their fees, and that moreover the nexus between adult convictions for PSMB and these particular fees are too attenuated to survive constitutional scrutiny. So we ask that these fees be vacated. Thank you. Mr. Chief Justice, Honorable Justices, Counsel. The charges... My name is Miles Kelleher. I'm an Assistant State's Attorney on behalf of the people of the State of Illinois. The charges in this case are fines, and they comport with due process. Jones controls this case. Jones tells us that the label that's attached to a charge is not necessarily definitive of how that charge should be characterized. In Jones, the statute labeled the charge as a fee, but this court found that the charge did not possess any of the attributes of a fee. Instead, the charge only possessed the attributes of a fine. Therefore, this court found that the charge was clearly a fine, the label notwithstanding. A fine is a monetary punishment. Its purpose is to punish a defendant for committing an offense. In contrast, a fee is a charge for labor or services. It seeks to recoup expenses incurred by the state in prosecuting the defendant. This court has held that a charge is a fee if and only if it is intended to reimburse the state for some cost incurred in the defendant's prosecution. That is the central characteristic which separates a fee from a fine. It's the most important fact. Counsel, what's the purpose of having in the statute references to the mental health court and to the youth court? If it's not simply a fee, what is the purpose of that? How does that relate to the fine? The purpose of the statute is punishment. And the proceeds of these two fines are used to finance the defendant's prosecution. And certain parts of the court system. However, once it's determined that these charges are fines, we do not look beyond the amount of the fine. That's irrelevant. A defendant doesn't have any basis to protest the usage to which his fines are put. You can fine somebody for the purpose of funding some court program. And that can be a fine rather than a fee. Well, the purpose of the fine is to punish the defendant for committing a criminal offense. It just so happens that the proceeds of these fines are earmarked for certain programs. However, the purpose of the statute is punishment. And we know that by looking at the plain language of the statute. The statute uses the word fee, however, when the statute is read in its entirety, as this court must do, it's readily apparent that the legislature intended these charges to apply to a broad swath of qualifying offenses. For instance, the mental health court charge will apply to a defendant whose case had nothing to do with the mental health court. All felony cases, apparently. Is that correct? That's correct. And that's from the plain language of the statute. And likewise, the youth diversion fee, I'm sorry, charge, will apply to a defendant who is not a youth. Thus, clearly, the legislature did not... Your argument, then, in that it's only a fee if the person paying the fee is actually reimbursing them for some service he obtained. Is that proper definition of fee? Yes, Your Honor. It would be if the state is seeking reimbursement for costs that the state incurred in the prosecution of the youth. And that's clearly not the case here. And that's the definition that's in Jones. Here, plain language of the statute indicates that these charges are not compensatory in nature. And that's because the legislature intended them to apply to this wide variety of cases and defendants. Therefore, because they're not compensatory, they cannot possibly be characterized as fees. They must be characterized as fines. To construe the statute in the manner that the defendant suggests would lead to an absurd result. Because then you would have the state seeking reimbursement for a cost that it never incurred during the prosecution. That wouldn't make sense, and it's presumed that the legislature did not intend an absurd result. Counsel, if this is deemed to be a fine, doesn't the defendant get credit against that for time served in custody? Yes, he would. And wouldn't that undermine the purpose of the statute, which is to fund a program of the court system? Not necessarily, because many defendants do not serve time in custody prior to their trial. Therefore, yes, some certain defendants, if they did meet the requirement, would get credit against their fines. However, there are numerous defendants where that wouldn't apply to. That's a separate matter, and the legislature intended that to only apply to certain defendants who meet the requirements, those who have spent time in pretrial custody. Once this court determines that these charges are fines, then due process only requires that the punishment is rationally related to the offense. And in the context of fines, the inquiry is whether the amount of the fine is grossly disproportionate to the offense. If, on the other hand, if we determine that these are fees, then are these fees rationally related to the offense, or do you concede that? In this case, the defendant did not have contact with the youth court or the mental health court. So it would be more difficult to apply that standard. However, following Jones, we don't have to apply that standard, because it's clear that the legislative intent wasn't to make these charges fees. The appropriate standard to apply is the due process standard that applies to fines, and that is whether the amount of the fine is grossly disproportionate to the offense. And the defendant concedes that if these are fines, due process would be satisfied here. For all these reasons, as well as those contained in our brief, the people respectfully request that this honorable court affirm the judgment of the appellate court. Thank you. Just a couple real brief comments in rebuttal. In reference to the question from the court about the whole pre-sentencing credit, well, I would venture to say that most, if not all, defendants at least spend enough time in custody. That would certainly offset $15 worth of quote, unquote, fines, if that were the case. And, you know, as far as what the control that Jones has on this particular case, you know, our position is that, well, it, you know, it's a matter of course. But whatever control it does have, it's certainly only to the extent that... Can you just point out what you believe the distinctions are between Jones and this case? Well, the main distinction is the statutory ambiguity. I mean, that's a huge distinction. We're talking about the spinal cord fee at issue in that particular case, and that had reference, it was actually listed in one of the articles that was basically listed as a fine. And again, it even used the word penalty, it had various words and cross-references where reasonable people can come to different conclusions as to what the legislature had intended there. And that's nowhere near the circumstance we have here, where we have just a complete absence of statutory ambiguity, and that's what the state keeps ignoring. It keeps basically, their rule is basically, even in cases where there's absolutely no ambiguity, we don't, quote, unquote, abruptly end. Well, the basic rule, long accepted rule of statutory construction, is that the legislature has a certain purpose, it has a certain function, it writes statutes, it says what it intends to say, it says what it means, and it means what it says. And it's not the role of another branch of government or a court to rewrite the statute, which is basically what the court is asking this court to do, or what the state is asking this court to do. So that's an important distinction, and I think that's where Price and the other cases that rely on Price go wrong. And what the appellate court did in this particular case, it just went in lockstep and just said, well, we still don't reason to depart, we're just going to primarily find that these are fines and end of story. And our position is that, well, this is apples and oranges. Jones, there's nothing wrong with the decision in Jones, it's just that we, you know, even under Jones, you know, this is an entirely different situation. This is a case where there is absolutely zero statutory ambiguity. So there's no reference to penalties, and I think the state makes reference or claims that we can be characterized as such. But there's no basis for finding, there's no reasonable way to look at the statute and make that conclusion. There are just simply none. So, again, that's our position, and unless this court has any other questions, we ask that the fines be vacated. Thank you.